1  Jason S. Hartley, CA Bar No. 192514
2  **STUEVE SIEGEL HANSON LLP**
   550 West C Street, Suite 1750
3  San Diego, California 92101
4  Email: hartley@stuevesiegel.com
   Telephone:  619-400-5822
5  Facsimile:   619-400-5832

6  George A. Hanson, *Pro Hac Vice Forthcoming*
7  **STUEVE SIEGEL HANSON LLP**
   460 Nichols Road, Suite 200
8  Kansas City, Missouri 64112
9  Email: hanson@stuevesiegel.com
   Telephone:  816-714-7100
10 Facsimile:   816-714-7101

11 Attorneys for Plaintiffs

12          IN THE UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF CALIFORNIA
13                    WESTERN DIVISION

| | |
|---|---|
| ANTHONY ADDISION. MATTHEW EHLY, SKYLER GAZLEY, PAUL GUZIK, JEREMY LASATER, CANH LE, SEAN MAGILL, CHRISTOPHER PATCHE, ADAM PHAN, ERIC RIVERA, JUAN ROBLES, TINH TO, DAVID VARAS, PIERRE COOPER, JEFFREY KIDD, MICHAEL ZOPP, and WAYNE SIMON,  Plaintiffs,  v.  DIRECTV, INC., DIRECTV, LLC, and DTV HOME SERVICES II, LLC, | Case No. CV13-8109 ABC (JENx)  **COMPLAINT**  **1. Violation of FLSA** (29 U.S.C. § 201 *et seq.*)  **2. Violation of California Minimum Wage and Overtime Law** (Cal. Labor Code §§ 1194, 1197)  **3. Failure to Pay Wages Due** (Cal. Labor Code §§ 201, 202)  **4. Unlawful Wage Deductions** (Cal. Labor Code § 221)  **5. Failure to Furnish Wage Statements** (Cal. Labor Code § 226)  **6. Willful Misclassification** (Cal. Labor Code § 226.8)  **7. Failure to Reimburse Business Expenses** (Cal. Labor Code § 2802)  **8. Record-Keeping Violations** (Cal. Labor Code § 1174) |

COMPLAINT

| | |
|---|---|
| **Defendants.** | **9. Unfair Business Practices** (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Anthony Addison, Matthew Ehly, Skyler Gazley, Paul Guzik, Jeremy Lasater, Canh Le, Sean Magill, Christopher Patche, Adam Phan, Eric Rivera, Juan Robles, Tinh To, David Varas, Pierre Cooper, Jeffrey Kidd, Michael Zopp, and Wayne Simon, by and through their undersigned counsel, for their individual complaints against DIRECTV, Inc. and DIRECTV LLC (together, "DIRECTV"); and DTV Home Services II, LLC ("DTV Home Services II") (collectively with DIRECTV, "Defendants") hereby state as follows:

1.     Plaintiffs worked as satellite installation and repair technicians for Defendants.

2.     Defendants paid Plaintiffs on a per-task basis that did not properly compensate them for all hours worked in an effort to deliberately deny them earned wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and state law.

## JURISDICTION AND VENUE

3.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over Plaintiffs' state law claims is based upon 28 U.S.C. § 1367.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant DIRECTV is deemed a resident of the Central District of California and DTV Home Services II is subject to personal jurisdiction in this District. Venue in the Western Division of the Central District of California is

2

1  proper because defendant DIRECTV maintains an office in the Western Division

2  of this Court and a substantial part of the events giving rise to this claim occurred

3  in and emanated from this Division. Further, upon information and belief,

4  Defendants have each consented to personal jurisdiction and venue in the Central

5  District of California for the claims alleged herein.

6                                    **PARTIES**

7                                  **Defendants**

8       **DIRECTV**

9       5.      DIRECTV, Inc. is a Delaware corporation with its principal place of

10 business in El Segundo, California. DIRECTV, Inc. does business as DIRECTV

11 Home Services in the State of California and nationwide.

12      6.      In December 2011, DIRECTV, Inc. merged with another DIRECTV

13 entity, DIRECTV Operations, LLC. The resulting entity is known as DIRECTV,

14 LLC, which is a Delaware corporation with its principal place of business in El

15 Segundo, California.

16      7.      All Plaintiffs were each jointly employed by defendant DIRECTV and

17 bring individual claims against it.

18      **DTV Home Services II, LLC**

19      8.      Defendant DTV Home Services II, LLC, is a Delaware limited

20 liability company, based in Wilmington, Delaware. DTV Home Services II, LLC

21 does business in California and nationwide.

22      9.      All Plaintiffs were jointly employed by DTV Home Services II, LLC,

23 and bring individual claims against it.

24          **Agreements Between DIRECTV and DTV Home Services**

25      10.     DIRECTV uses a contract to govern the terms and conditions of its

26 business relationship with DTV Home Services.

27

28                                        3

11.    Under the terms of that contract, the DTV Home Services must indemnify DIRECTV for any liability arising out of this lawsuit.

12.    DIRECTV's contract with the DTV Home Services also provides that in the event of any legal action involving the contract, the exclusive venue shall be where DIRECTV's corporate headquarters is located, which is California.

13.    Under this contract, DTV Home Services agreed to submit itself to the exclusive personal jurisdiction of the federal and state courts of the State of California.

14.    Upon information and belief, at all relevant times, DIRECTV was the primary, if not the only, client of the DTV Home Services and was the source of substantially all of each DTV Home Services' income.

15.    Upon information and belief, DTV Home Services II, LLC, acquired Ironwood Communications, including all of its facilities, which had previously acquired all of Mountain Satellite's facilities. After the acquisition, DTV Home Services II, LLC, conducted business out of Ironwood Communications/Mountain Satellite's locations, and personnel from Ironwood Communications/Mountain Satellite worked for DTV Home Services II, LLC. Many of Ironwood Communications/ Mountain Satellite's employees were hired by DTV Home Services II, LLC.

16.    Upon information and belief, working conditions for installation technicians who worked for Ironwood Communications Mountain Satellite remained substantially the same after DTV Home Services II, LLC, acquired Ironwood Communications/Mountain Satellite. Likewise, technicians, including Plaintiffs, had substantially the same job(s) after DTV Home Services II, LLC, acquired Ironwood Communications/Mountain Satellite. There were no broad changes to job functions, job titles, job responsibilities, and/or supervisors, and technicians' pay remained the same.

COMPLAINT

**Plaintiffs**

17.    Plaintiffs previously filed consents to become party plaintiffs in *Lang v. DIRECTV*, Case No. 10-1085, pending in the Eastern District of Louisiana. The case was pending as a collective action until the court, on September 3, 2013, granted the parties' joint motion decertifying the class, dismissed the opt-in plaintiffs' claims without prejudice to pursuing the individual claims raised herein, and ordered the statute of limitations for each opt-in plaintiff to continue to be tolled for 60 days from the date of the order. *Lang v. DIRECTV*, Case No. 10-1085-NJB (E.D. La.) (Docs. 466, 466-1).

**Anthony Addison**

18.    Plaintiff Anthony Addison is an individual residing in the state of California. Between approximately December 2008, and October, 2012, Anthony Addison routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC and was unlawfully deprived of overtime compensation.

19.    In fact, Anthony Addison spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

20.    Defendants' employment policies and practices detailed herein (*i.e.,* imposing "chargebacks," failing to compensate Anthony Addison for all hours worked, and failing to reimburse Anthony Addison's necessary business expenses) resulted in Anthony Addison being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Matthew Ehly**

21.    Plaintiff Matthew Ehly is an individual residing in the state of California. Between approximately January, 2011 and June, 2011, Matthew Ehly routinely worked more than 40 hours per week as a technician for DIRECTV and

COMPLAINT

1  DTV Home Services II, LLC, and was unlawfully deprived of overtime
2  compensation.

3    22. In fact, Matthew Ehly spent in excess of 60 hours per week
4  performing tasks for the benefit of Defendants, many unpaid.

5    23. Defendants' employment policies and practices detailed herein (*i.e.*,
6  imposing "chargebacks," failing to compensate Matthew Ehly for all hours
7  worked, and failing to reimburse Matthew Ehly's necessary business expenses)
8  resulted in Matthew Ehly being routinely subjected to working at an effective wage
9  rate of less than the applicable minimum wage.

10  **Skyler Gazley**

11    24. Plaintiff Skyler Gazley is an individual residing in the state of
12  California. Between approximately 2010 and 2012, Skyler Gazley routinely
13  worked more than 40 hours per week as a technician for DIRECTV and DTV
14  Home Services II, LLC, and was unlawfully deprived of overtime compensation.

15    25. In fact, Skyler Gazley spent in excess of 60 hours per week
16  performing tasks for the benefit of Defendants, many unpaid.

17    26. Defendants' employment policies and practices detailed herein (*i.e.*,
18  imposing "chargebacks," failing to compensate Skyler Gazley for all hours
19  worked, and failing to reimburse Skyler Gazley's necessary business expenses)
20  resulted in Skyler Gazley being routinely subjected to working at an effective wage
21  rate of less than the applicable minimum wage.

22  **Paul Guzik**

23    27. Plaintiff Paul Guzik is an individual residing in the state of California.
24  Between approximately 2006 and the present, Paul Guzik routinely worked more
25  than 40 hours per week as a technician for DIRECTV, and DTV Home Services II,
26  LLC, and Mountain Satellite, and was unlawfully deprived of overtime
27  compensation.

28

6

COMPLAINT

28.     In fact, Paul Guzik spent approximately 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

29.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Paul Guzik for all hours worked, and failing to reimburse Paul Guzik's necessary business expenses) resulted in Paul Guzik being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Jeremy Lasater**

30.     Plaintiff Jeremy Lasater is an individual residing in the state of California. Between approximately June, 2006 and February, 2013, Jeremy Lasater routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

31.     In fact, Jeremy Lasater spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

32.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Jeremy Lasater for all hours worked, and failing to reimburse Jeremy Lasater's necessary business expenses) resulted in Jeremy Lasater being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Canh Le**

33.     Plaintiff Canh Le is an individual residing in the state of California. Between approximately September, 2009 and August, 2012, Canh Le routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

34.     In fact, Canh Le spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

COMPLAINT

1    35.    Defendants' employment policies and practices detailed herein (*i.e.*,
2    imposing "chargebacks," failing to compensate Canh Le for all hours worked, and
3    failing to reimburse Canh Le's necessary business expenses) resulted in Canh Le
4    being routinely subjected to working at an effective wage rate of less than the
5    applicable minimum wage.
6    **Sean Magill**
7    36.    Plaintiff Sean Magill is an individual residing in the state of
8    California. Between approximately September, 2011 and March, 2012, Sean
9    Magill routinely worked more than 40 hours per week as a technician for
10   DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of
11   overtime compensation.
12   37.    In fact, Sean Magill spent approximately 50 hours per week
13   performing tasks for the benefit of Defendants, many unpaid.
14   38.    Defendants' employment policies and practices detailed herein (*i.e.*,
15   imposing "chargebacks," failing to compensate Sean Magill for all hours worked,
16   and failing to reimburse Sean Magill's necessary business expenses) resulted in
17   Sean Magill being routinely subjected to working at an effective wage rate of less
18   than the applicable minimum wage.
19   **Christopher Patche**
20   39.    Plaintiff Christopher Patche is an individual residing in the state of
21   California. Between approximately January, 2011 and February, 2012, Christopher
22   Patche routinely worked more than 40 hours per week as a technician for
23   DIRECTV, DTV Home Services II, LLC, and Mountain Satellite, and was
24   unlawfully deprived of overtime compensation.
25   40.    In fact, Christopher Patche spent in excess of 60 hours per week
26   performing tasks for the benefit of Defendants, many unpaid.
27
28

COMPLAINT

41.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Christopher Patche for all hours worked, and failing to reimburse Christopher Patche's necessary business expenses) resulted in Christopher Patche being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Adam Phan**

42.     Plaintiff Adam Phan is an individual residing in the state of California. Between approximately August, 2008 and February, 2012, Adam Phan routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

43.     In fact, Adam Phan spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

44.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Adam Phan for all hours worked, and failing to reimburse Adam Phan's necessary business expenses) resulted in Adam Phan being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Eric Rivera**

45.     Plaintiff Eric Rivera is an individual residing in the state of California. From between 2009 and 2012, Eric Rivera routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

46.     In fact, Eric Rivera spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

47.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Eric Rivera for all hours worked,

9

1   and failing to reimburse Eric Rivera's necessary business expenses) resulted in
2   Eric Rivera being routinely subjected to working at an effective wage rate of less
3   than the applicable minimum wage.

4   **Juan Robles**

5   48.   Plaintiff Juan Robles is an individual residing in the state of
6   California. Between approximately 2007 and the present, Juan Robles routinely
7   worked more than 40 hours per week as a technician for DIRECTV and DTV
8   Home Services II, LLC, and was unlawfully deprived of overtime compensation.

9   49.   In fact, Juan Robles spent in excess of 60 hours per week performing
10  tasks for the benefit of Defendants, many unpaid.

11  50.   Defendants' employment policies and practices detailed herein (*i.e.*,
12  imposing "chargebacks," failing to compensate Juan Robles for all hours worked,
13  and failing to reimburse Anthony Addison's necessary business expenses) resulted
14  in Juan Robles being routinely subjected to working at an effective wage rate of
15  less than the applicable minimum wage.

16  **Tinh To**

17  51.   Plaintiff Tinh To is an individual residing in the state of California.
18  Between approximately 2008 and 2011, Tinh To routinely worked more than 40
19  hours per week as a technician for DIRECTV and DTV Home Services II, LLC,
20  and was unlawfully deprived of overtime compensation.

21  52.   In fact, Tinh To spent in excess of 60 hours per week performing tasks
22  for the benefit of Defendants, many unpaid.

23  53.   Defendants' employment policies and practices detailed herein (*i.e.*,
24  imposing "chargebacks," failing to compensate Tinh To for all hours worked, and
25  failing to reimburse Tinh To's necessary business expenses) resulted in Tinh To
26  being routinely subjected to working at an effective wage rate of less than the
27  applicable minimum wage.

28

10

**David Varas**

54.     Plaintiff David Varas is an individual residing in the state of California. Between approximately February, 2009 and June, 2012, David Varas routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

55.     In fact, David Varas spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

56.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate David Varas for all hours worked, and failing to reimburse David Varas' necessary business expenses) resulted in David Varas being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Pierre Cooper**

57.     Plaintiff Pierre Cooper is an individual residing in the state of Texas. Between approximately 2010 and 2013, Pierre Cooper routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

58.     In fact, Pierre Cooper spent approximately 50 hours per week performing tasks for the benefit of Defendants, many unpaid.

59.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Pierre Cooper for all hours worked, and failing to reimburse Pierre Cooper's necessary business expenses) resulted in Pierre Cooper being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

COMPLAINT

**Jeffrey Kidd**

60.    Plaintiff Jeffrey Kidd is an individual residing in the state of Texas. Between approximately 2007 and 2011, Jeffrey Kidd routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

61.    In fact, Jeffrey Kidd spent approximately 55 hours per week performing tasks for the benefit of Defendants, many unpaid.

62.    Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Jeffrey Kidd for all hours worked, and failing to reimburse Jeffrey Kidd's necessary business expenses) resulted in Jeffrey Kidd being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Michael Zopp**

63.    Plaintiff Michael Zopp is an individual residing in the state of Texas. Between approximately 2011 and 2013, Michael Zopp routinely worked more than 40 hours per week as a technician for DIRECTV and DTV Home Services II, LLC, and was unlawfully deprived of overtime compensation.

64.    In fact, Michael Zopp spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

65.    Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Michael Zopp for all hours worked, and failing to reimburse Michael Zopp's necessary business expenses) resulted in Michael Zopp being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Wayne Simon**

66.    Plaintiff Wayne Simon is an individual residing in the state of Texas. Between approximately August, 2009 and September 2012, Wayne Simon

12

1   routinely worked more than 40 hours per week as a technician for DIRECTV and
2   DTV Home Services II, LLC, and was unlawfully deprived of overtime
3   compensation.

4       67.    In fact, Wayne Simon spent in excess of 60 hours per week
5   performing tasks for the benefit of Defendants, many unpaid.

6       68.    Defendants' employment policies and practices detailed herein (*i.e.*,
7   imposing "chargebacks," failing to compensate Wayne Simon for all hours
8   worked, and failing to reimburse Wayne Simon's necessary business expenses)
9   resulted in Wayne Simon being routinely subjected to working at an effective wage
10  rate of less than the applicable minimum wage.

## GENERAL ALLEGATIONS

12      69.    Defendants are, and were at all times relevant herein, in the business
13  of, among other things, providing satellite television service to businesses and
14  consumers.   Installation and repair of satellite dishes, receivers, and related
15  equipment is an integral part of DIRECTV's business.

16      70.    Plaintiffs were jointly employed by Defendants as technicians.

17      71.    Plaintiffs' principal job duty as technicians is or was to install and
18  repair DIRECTV satellite television service.

19      72.    Plaintiffs typically started their workdays after receiving daily work
20  schedules assigned through DIRECTV's dispatching systems. DIRECTV used a
21  database program known as SIEBEL to coordinate the assignment of particular
22  work orders to technicians using each technician's unique "Tech ID Number."

23      73.    After receiving their daily work schedules, Plaintiffs typically called
24  the customer contact for each of their assigned jobs to confirm the timeframe
25  within which the technician expected to arrive at the customer's home. Plaintiffs
26  then traveled to their first assigned job and thereafter continued to complete the
27  jobs assigned by Defendants in the proscribed order on the daily work schedule.

28

Upon arriving at each job site, Plaintiffs were required to check-in via telephone with DIRECTV via its dispatching system. At the end of an assigned job, Plaintiffs were required to report to DIRECTV that the installation was complete and, thereafter, worked directly with DIRECTV employees to activate the customer's service.

74.     When performing DIRECTV's work, Plaintiffs were required by Defendants to wear a uniform with DIRECTV insignia on it. Additionally, Plaintiffs were required to display DIRECTV insignia on vehicles driven to customers' homes for installations. Plaintiffs were required to purchase these uniforms and insignia, typically from Defendants.

75.     Plaintiffs were not paid for all hours they worked for Defendants. Rather, they were paid on a per-task (a/k/a piece rate) basis for satisfactorily completing a DIRECTV-approved satellite installation. There was no contract, memorandum, or other document between Plaintiffs and Defendants memorializing or explaining this pay system.

76.     In addition to the certain tasks Defendants designated as compensable, Plaintiffs performed other work each week during the relevant time period for Defendants, such as assembling satellite dishes, driving to and between job assignments, reviewing and receiving schedules, calling customers to confirm installations, obtaining required supplies, attending required meetings, assisting other technicians with installations, performing required customer educations, contacting DIRECTV to report in or activate service, working on installations that were not completed, and working on "rollbacks" installations where Plaintiffs had to return and perform additional work on installations for which they had already been paid.

14

COMPLAINT

77.     Plaintiffs were not paid for these integral and indispensable tasks that were necessary to their principal activity of installing and repairing DIRECTV satellite television service.

78.     Plaintiffs routinely worked more than 40 hours per week for Defendants, as alleged in more detail previously.

79.     Defendants did not pay Plaintiffs' wages free and clear. Rather, Plaintiffs were subjected to "chargebacks" wherein Defendants would deduct amounts from Plaintiffs' pay if there were problems with an installation up to 90 days after the customer's service was activated. The chargeback would occur for a variety of reasons, many of which were out of Plaintiffs' control.

80.     DTV Home Services, II, LLC has records that should allow a more precise calculation of the amounts of the chargebacks taken out of Plaintiffs' pay.

81.     In addition to chargebacks, Plaintiffs were also required to purchase supplies necessary to perform installations, such as screws, poles, concrete, and cables.

82.     The required purchase of these supplies for Defendants' financial benefit reduced Plaintiffs' wages, including overtime pay.

83.     Plaintiffs were not paid an overtime premium for work done beyond 40 hours in a given workweek.

84.     Defendants' policy and practice of imposing "chargebacks," failing to compensate Plaintiffs for all hours worked, and failing to reimburse Plaintiffs' necessary business expenses resulted in Plaintiffs being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Defendants Are Joint Employers of Plaintiffs**

85.     DIRECTV exerted significant control over DTV Home Services II, LLC and Plaintiffs regarding the essential terms and conditions of Plaintiffs' employment.

15

COMPLAINT

86.     DTV Home Services II, LLC was merely a "middle man" or "straw man" through which DIRECTV exerted control over Plaintiffs.

87.     Although hiring was generally done at the DTV Home Services II, LLC's level, DIRECTV controlled the details of Plaintiffs' day-to-day work.

88.     DIRECTV, through DTV Home Services II, LLC exercised significant control over Plaintiffs' daily work lives, including, but not limited to, control over what work Plaintiffs performed, where that work was performed, when that work was performed, and how that work was performed.

89.     DIRECTV, through DTV Home Services II, LLC also determined whether Plaintiffs' work merited compensation, including setting the rate of pay, the method of payment, whether chargebacks or rollbacks would be imposed and for how much. Specifically, DIRECTV determined the rate of pay and the DTV Home Services II, LLC administered payroll and provided Plaintiffs with their paychecks.

90.     DIRECTV, through the DTV Home Services II, LLC exerted control over Plaintiffs sufficient to establish that they jointly employed Plaintiffs. DIRECTV and DTV Home Services II, LLC constitute joint employers subject to liability under the FLSA and state law.

91.     DIRECTV customers considered Plaintiffs to be employees of DIRECTV.

92.     DIRECTV promulgates detailed instructions for how installations are to be completed. Plaintiffs received these instructions and performed the work as DIRECTV required. Plaintiffs were not given meaningful discretion in how they performed installations.

93.     DIRECTV publishes training materials that technicians such as Plaintiffs are required to review.

16

94.   DIRECTV requires that all technicians obtain a certification from the Satellite Broadcasting & Communications Association ("SBCA") before that technician may be assigned DIRECTV work orders. This requirement allows DIRECTV to mandate certain training for all technicians.

95.   DIRECTV utilizes a network of quality control personnel and field managers to oversee the work performed by Plaintiffs.

96.   DIRECTV and DTV Home Services II, LLC's quality control personnel reviewed Plaintiffs' work, and Plaintiffs were subject to chargebacks and/or rollbacks based on those reviews.

97.   While DIRECTV may not maintain Plaintiffs' employment-related documents at its corporate office, DIRECTV contractually requires its middle men (like DTV Home Services II, LLC), to provide DIRECTV the right to inspect and/or obtain copies of Plaintiffs' personnel files and employment-related documents.

98.   Defendants are each engaged in interstate commerce and, upon information and belief, Defendants each gross more than Five Hundred Thousand Dollars in revenue per year.

99.   The net effect of Defendants' policies and practices, instituted by DIRECTV and administered by Provider Defendant, is that Defendants willfully fail to pay minimum wage and overtime compensation to Plaintiffs, and willfully fail to keep accurate time records in order to save payroll costs. Defendants enjoy ill-gained profits at the expense of their technicians, including Plaintiffs.

## <u>COUNT I</u>

### Violation of the Fair Labor Standards Act of 1938

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

100.   Plaintiffs re-allege all allegations set forth above.

17

COMPLAINT

101.  At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

102.  The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

103.  The FLSA also regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206(a) and 207(a)(1).

104.  Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

105.  Defendants violated the FLSA by failing to pay all minimum wage and overtime wages due to Plaintiffs, failing to properly calculate Plaintiffs' regular rate of pay for determining the overtime premium pay owed, and improperly deducting money from Plaintiffs' pay.

106.  Plaintiffs are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the filing their consent to join forms in the *Lang* litigation, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard in their violation of the FLSA.

107.  Pursuant to Defendants' policies and practices, Defendants willfully violated the FLSA by refusing and failing to pay Plaintiffs overtime and minimum wages. In the course of perpetrating these unlawful practices, Defendants willfully

18

COMPLAINT

1  failed to keep accurate records of all hours worked by, compensation paid to, and
2  expenses incurred by Plaintiffs.

3      108.  Defendants have acted neither in good faith nor with reasonable
4  grounds to believe that their actions and omissions were not a violation of the
5  FLSA. As a result thereof, Plaintiffs are each entitled to recover an award of
6  liquidated damages in an amount equal to the amount of unpaid wages as described
7  by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively,
8  should the Court find Defendants acted in good faith in failing to pay Plaintiffs
9  minimum wage and overtime compensation, Plaintiffs are each entitled to an
10 award of prejudgment interest at the applicable legal rate.

11      109.  As a result of these violations of the FLSA's minimum wage and
12 overtime pay provisions, compensation has been unlawfully withheld from
13 Plaintiffs by Defendants. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants
14 are liable for the unpaid minimum wages and overtime premium pay along with an
15 additional amount as liquidated damages, pre-judgment and post-judgment interest,
16 reasonable attorneys' fees, and costs of this action.

17      110.  Plaintiffs request relief as described below and as permitted by law.

18                              **COUNT II**
19      **Violation of the California Minimum Wage and Overtime Law**
20      *By each Plaintiff individually against Plaintiff's previously identified joint-*
21                      *employer-Defendant(s)*

22      111.  Plaintiffs re-allege the allegations set forth above.

23      112.  Defendants violated California law, in relevant part, by failing to pay
24 overtime premium pay to Plaintiffs as required by California Labor Code §§ 510,
25 1194; 8 C.C.R. § 11040; and California Wage Order 4-2001.

26      113.  Defendants violated California law, in relevant part, by willfully
27 failing to compensate Plaintiffs for all wages earned and all hours worked at at
28

COMPLAINT

least the minimum wage fixed by the commission in violation of California Labor Code §§ 1194, 1197.

114.  Further, Plaintiffs are entitled to recover minimum and overtime wages plus interest, attorneys' fees, and costs pursuant to § 1194, in amounts to be proved at trial.

115.  As alleged herein, Plaintiffs were paid piece-rate for very limited and specific tasks that they completed for Defendants. They were not compensated for other tasks completed for Defendants' benefit. Moreover, Plaintiffs were not compensated for all time worked during the continuous workday.

116.  Plaintiffs have been damaged by Defendants' willful failure to compensate them as required by law.

117.  Plaintiffs request relief as described below and as permitted by law.

## <u>COUNT III</u>

### Failure to Pay Wages Due on Discharge, Layoff, or Resignation

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

118.  Plaintiffs re-allege the allegations set forth above.

119.  Under California Labor Code § 201 (discharge or lay-off) and/or § 202 (resignation), Plaintiffs are entitled to timely payment of all wages earned and unpaid, immediately upon termination (discharge) or within 72 hours of notice (resignation).

120.  Defendants willfully violated their obligations under Labor Code §§ 201 and/or 202, by intentionally failing to pay Plaintiffs all wages earned and unpaid at the time of their termination/resignation or within 72 hours thereafter, in that Defendants' compensation system clearly violates both the FLSA and California's Labor Law such that any belief by Defendants that wages were not owed to Plaintiffs would be objectively unreasonable and in bad faith. Despite the

COMPLAINT

1   ability to make such payment, Defendants maintained customs, policies, practices,
2   procedures, and routines incompatible with the requirements of California Labor
3   Code.

4        121.   As a direct and proximate cause of Defendants' actions, Plaintiffs
5   have suffered damages.

6        122.   Defendants are liable for statutory penalties (continuation wages)
7   pursuant to California Labor Code § 203, and prejudgment interest on unpaid and
8   continuation wages pursuant to California Labor Code § 218.6 and/or California
9   Civil Code § 3287(a).

10       123.   Plaintiffs request relief as described below and as permitted by law.

11                                    **COUNT IV**

12   **Unlawful Wage Deductions, Collection From Wages (Chargebacks)**

13   *By each Plaintiff individually against Plaintiff's previously identified joint-*
14                          *employer-Defendant(s)*

15       124.   Plaintiffs re-allege the allegations set forth above.

16       125.   Under California Labor Code § 221, it is unlawful for any employer to
17   collect or receive from an employee any part of wages theretofore paid by said
18   employer to said employee.

19       126.   As alleged herein, Defendants regularly collected "chargebacks" from
20   Plaintiffs' pay and in so doing willfully and intentionally violated California Labor
21   Code § 221.

22       127.   As a direct and proximate result, Plaintiffs have suffered damages.

23       128.   Defendants are liable for statutory penalties pursuant to Labor Code §
24   225.5.

25       129.   Plaintiffs request relief as described below and as permitted by law.

26

27

28

COMPLAINT

1

## COUNT V

### Failure to Furnish Wage Statements

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

130.   Plaintiffs re-allege the allegations set forth above.

131.   Under California Labor Code § 226, Defendants are required to provide itemized statements when they pay wages showing gross wages earned, total hours worked, number of piece rate units earned, deductions, net wages, inclusive dates of pay period, and other information.

132.   Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226(a) and 226.3, *et seq.*, by knowingly and intentionally failing to provide Plaintiffs with timely and accurate wage statements.

133.   As a direct and proximate result, Plaintiffs have suffered damages. Among other things, Defendants' failure led plaintiffs to believe that they were being paid for all hours and jobs actually worked; Defendants' wage statement failures prevented and will prevent Plaintiffs from determining the true amounts of wages owed to them; and caused Plaintiffs and will cause them extra work and effort to determine their true wages and the identity of their employer(s).

134.   Defendants are liable for statutory penalties pursuant to California Labor Code § 226(e).

135.   Plaintiffs request relief as described below and as permitted by law.

## COUNT VI

### Willful Misclassification

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

136.   Plaintiffs re-allege the allegations set forth above.

22

COMPLAINT

137.   Under California Labor Code § 226.8, it is unlawful for a defendant to willfully misclassify an employee as independent contractor, or to charge him a fee or make deductions from his compensation for any purpose, including for goods, materials, repairs, equipment maintenance, fines arising from his employment.

138.   Defendants willfully violated their obligations under California law, including those under California Labor Code § 226.8, by willfully misclassifying Plaintiffs as independent contractors, deducting work-related expenses from Plaintiffs' compensation including imposing "chargebacks," in a concerted effort to intentionally deprive Plaintiffs of wages they were owed and to unjustly retain such monies for themselves.

139.   As a direct and proximate result, Plaintiffs have suffered damages.

140.   Defendants are liable for statutory penalties pursuant to California Labor Code § 226.

141.   Plaintiffs request relief as described below and as permitted by law.

## COUNT VII

### Failure to Reimburse Necessary Business Expenses

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

142.   Plaintiffs re-allege the allegations set forth above.

143.   Under California Labor Code § 2802, Defendants are required to indemnify Plaintiffs for costs necessarily incurred as a direct consequence of the discharge of their duties as Defendants' employees.

144.   Defendants failed to indemnify or reimburse Plaintiffs for actual, necessary expenses Plaintiffs incurred in discharging their duties for Defendants.

145.   These expenses were necessary for Plaintiffs to complete their job, and inured to Defendants' benefit.

23

COMPLAINT

146.   As a direct and proximate cause of defendants' actions, Plaintiffs have suffered damages.

147.   Plaintiffs request relief as described below and as permitted by law.

## <u>COUNT VIII</u>

### Record-Keeping Violations

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

148.   Plaintiffs re-allege the allegations set forth above.

149.   Under California Labor Code § 1174, Defendants are required to keep payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, its employees.

150.   Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 1174(d) and 1174.5, *et seq.*, by knowingly and intentionally failing to maintain accurate and complete payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and the applicable piece rate paid to Plaintiffs.

151.   As a direct and proximate result, Plaintiffs have suffered damages. Among other things, Defendants' failures prevented and will prevent Plaintiffs from determining the true amounts of wages owed to them; and caused Plaintiffs and will cause them extra work and effort to determine their true wages and the identity of their employer(s). Defendants are liable for statutory penalties pursuant to California Labor Code § 1174.5.

Plaintiffs request relief as described below and as permitted by law.

COMPLAINT

## COUNT IX

### Unfair Business Practices

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

152.   Plaintiffs re-allege the allegations set forth above.

153.   California's Business and Professions Code § 17200, *et seq*. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

154.   The policies, acts, and practices described in this Complaint were and are an unlawful business act or practice because Defendants' failure to pay wages due, overtime wages at the lawful rate, and failure to provide accurate and timely wage statements violates applicable California Labor Code sections, including but not limited to California Labor Code §§ 201, 202, 203, 204, 210, 226, 510, 558, 1174, 1194, and 2698 *et seq*., and other provisions of California common and/or statutory law. Moreover, Defendants' failure to pay minimum wage and overtime violates the FLSA. Plaintiffs reserve the right to allege additional statutory and common law violations by Defendants.

155.   These practices were and are unfair and resulted in injury to Plaintiffs and the general public in that Defendants' unlawful acts result in the loss to Plaintiffs of wages to which they are rightfully owed and harm to competition in the State of California thereby decreasing consumer choice.

156.   The policies acts and practices described in this Complaint were and are an unlawful business act or practice because any justification for Defendants' illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused Plaintiffs and the members of the general public.

157.   Defendants' unlawful business practices are likely to continue.

COMPLAINT

158.   As a direct and proximate result of the Defendants' conduct, Defendants have received and continue to receive money to which they are not rightfully entitled that rightfully belongs to Plaintiffs, and an unfair competitive advantage through retaining money that is due their employees pursuant to federal and state law.

159.   Plaintiffs request relief as described below and as permitted by law.

**WHEREFORE**, Plaintiffs request the Court enter judgment for Plaintiffs individually and:

    a.  Award damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b) and California Labor Code § 1194;

    b.  Award damages for unpaid wages under California Labor Code §§ 201 and/or 202;

    c.  Award damages for unreimbursed business expenses, including refunds of wages improperly deducted by Defendants, reasonable attorney's fees, and costs of suit pursuant to California Labor Code § 2802;

    d.  Issue a permanent injunction pursuant to Business and Professions Code § 17203 restraining and enjoining Defendants from continuing the unfair practices set forth above;

    e.  Issue, during the pendency of this action, a preliminary injunction pursuant to Business and Professions Code § 17203 to enjoin and restrain Defendants from the practices set forth above;

    f.  Award restitution under Business and Professions Code § 17203;

    g.  Impose penalties and amounts provided in California Labor Code §§ 203(a), 225.5, 226(e), 558, 1174.5, 2698, and other provisions;

    h.  Award liquidated damages under 29 U.S.C. § 216(b) and California Labor Code § 1194;

COMPLAINT

i. Award reasonable attorney's fees under the California Labor Code and Fair Labor Standards Act;

j. Award pre-judgment interest;

k. Award costs of suit under 29 U.S.C. § 216(b) and California Labor Code § 1194; and

l. Grant any further relief that the Court may deem just and equitable.

DATED: November 1, 2013             Respectfully submitted,

                                   **STUEVE SIEGEL HANSON LLP**

                                   By: _____
                                   Jason S. Hartley, CA Bar No. 192514
                                   550 West C Street, Suite 1750
                                   San Diego, California 92101
                                   Telephone:  619-400-5822
                                   Facsimile:   619-400-5832
                                   Email: hartley@stuevesiegel.com

                                   George A. Hanson, (*Pro Hac Vice
                                   Forthcoming*), MO Bar No. 43450
                                   460 Nichols Road, Suite 200
                                   Kansas City, Missouri 64112
                                   Telephone:  816-714-7100
                                   Facsimile:   816-714-7101
                                   Email:  hanson@stuevesiegel.com

                                   **HEARIN, LLC**
                                   JESSE B. HEARIN, III
                                   La. Bar Roll No. 22422
                                   1009 Carnation Street, Suite E
                                   Slidell, Louisiana 70460

                                   *Attorneys for Plaintiffs*

COMPLAINT