Joel P. Kelly(SBN 100716)
Talya Z. Friedman (SBN 216158)
Caroline B. Wolf (SBN 268014)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408

Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
kellyj@jacksonlewis.com
friedmat@jacksonlewis.com
caroline.wolf@jacksonlewis.com

Attorneys for Defendants
DIRECTV, Inc., DIRECTV, LLC, and
DTV Home Services II, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADDISION, MATTHEW EHLY, SKYLER, GAZLEY, PAUL GUZIK, JEREMY LASATER, CANH LE, SEAN MAGILL, CHRISTOPHER PATCHE, ADAM PHAN, ERIC RIVERA, JUAN ROBLES, TINH TO, DAVID VARAS, PIERRE COOPER, JEFFREY KIDD, MICHAEL ZOPP, WAYNE SIMON, LARRIE FUNKHOUSER, and JORGE LARA, | Case No.: 2:13-cv-08109-AB-E |
| | [Assigned for all purposes to the Honorable André Birotte Jr., Ctrm. 790] |
| Plaintiffs, | **DEFENDANTS DIRECTV, INC., DIRECTV, LLC, AND DTV HOME SERVICES II, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| DIRECTV, INC., DIRECTV, LLC, and DTV HOME SERVICES II, LLC, | FAC Filed:   December 23, 2013 |
| Defendants. | |

Defendants DIRECTV, INC.[1], DIRECTV, LLC, (collectively "DIRECTV") and DTV HOME SERVICES II, LLC[2] ("DTVHSII") (collectively referred to as "Defendants") hereby submit their Answer to Plaintiffs' ("Plaintiffs") First Amended Complaint ("FAC") in the above-captioned matter.

## FIRST AMENDED COMPLAINT

1.    Answering Paragraph 1 of the FAC, Defendants admit upon information and belief, Plaintiffs worked as satellite installation and repair technicians. Defendants admit Plaintiffs Anthony Addison, Jorge Lara and Larrie Funkhouser were employed as technicians for DIRECTV and their employment was subject to enforceable Arbitration Agreements. Defendants deny that any other Plaintiffs worked for Defendants. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 1.

2.    Answering Paragraph 2 of the FAC, Defendants deny each and every allegation contained therein.

## JURISDICTION AND VENUE

3.    Paragraph 3 of the FAC sets forth legal conclusions to which no response is required.

4.    Answering Paragraph 4 of the FAC, Defendants admit venue in this district is proper because DIRECTV is a resident of the Central District of California and maintains an office within the Western District. DTVHSII is not licensed to do business in California and has not employed anyone in California since 2009. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 4.

/ / /

/ / /

/ / /

[1] DIRECTV, Inc. is erroneously named because it merged into DIRECTV, LLC and has been out of existence since January 1, 2012.

[2] DTVHSII is erroneously named because it was established in 2009 as a shell corporation. DTVHSII has no employees and no assets. DTVHSII is not licensed to do business in California and has not employed anyone in California since 2009.

## PARTIES

### Defendants

**DIRECTV**

5.      Answering Paragraph 5 of the FAC, Defendants deny each and every allegation contained therein.  DIRECTV, Inc. merged into DIRECTV, LLC and has been out of existence since January 1, 2012.  As such, Defendants assume DIRECTV, Inc. was mistakenly named in the FAC.

6.      Answering Paragraph 6 of the FAC, Defendants admit that in December 2011, DIRECTV, Inc. merged into DIRECTV, LLC.  Defendant admits that the principal place of business is of DIRECTV, LLC is in El Segundo, California.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 6.

7.      Answering Paragraph 7 of the FAC, Defendants deny each and every allegation contained therein.

**DTV HOME SERVICES II, LLC**

8.      Answering Paragraph 8 of the FAC, Defendants admit that DTV Home Services II, LLC is a Delaware limited liability company.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 8.

9.      Answering Paragraph 9 of the FAC, Defendants deny each and every allegation contained therein.

**AGREEMENTS BETWEEN DIRECTV AND DTV HOME SERVICES II LLC**

10.      Answering Paragraph 10 of the FAC, Defendants deny each and every allegation contained therein.

11.      Answering Paragraph 11 of the FAC, Defendants deny each and every allegation contained therein.

12.      Answering Paragraph 12 of the FAC, Defendants deny each and every allegation therein.

13.      Answering Paragraph 13 of the FAC, Defendants deny each and every allegation therein.

14.  Answering Paragraph 14 of the FAC, Defendants deny each and every allegation therein.

15.  Answering Paragraph 15 of the FAC, Defendants deny each and every allegation therein.

16.  Answering Paragraph 16 of the FAC, Defendants deny each and every allegation therein.

## PLAINTIFFS

17.  Answering Paragraph 17 of the FAC, Defendants admit all allegations contained therein.

**Anthony Addison**

18.  Answering Paragraph 18 of the FAC, Defendants are informed and believe Plaintiff Anthony Addison resides in the State of California.  Defendants admit that Plaintiff Addison was employed as a technician for DIRECTV from approximately December 8, 2008 to September 4, 2009 and Plaintiff's employment was subject to an enforceable Arbitration Agreement.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 18.

19.  Answering Paragraph 19 of the FAC, Defendants deny each and every allegation contained therein.

20.  Answering Paragraph 20 of the FAC, Defendants deny each and every allegation contained therein.

**Matthew Ehly**

21.  Answering Paragraph 21 of the FAC, Defendants are informed and believe Plaintiff Matthew Ehly resides in the State of California.  Defendants admit upon information and belief that Plaintiff Ehly alleges he was employed by Empire Communications as a technician between approximately January 2011 and June 2011. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 21.

22.     Answering Paragraph 22 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

23.     Answering Paragraph 23 of the FAC, Defendants deny each and every allegation contained therein.

**Skyler Gazley**

24.     Answering Paragraph 24 of the FAC, Defendants are informed and believe Plaintiff Skyler Gazley resides in the State of California.   Defendants admit upon information and belief that Plaintiff Gazley alleges he was employed by Satellite Services as a technician between approximately 2009 and 2012.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 24.

25.     Answering Paragraph 25 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

26.     Answering Paragraph 26 of the FAC, Defendants deny each and every allegation contained therein.

**Paul Guzik**

27.     Answering Paragraph 27 of the FAC, Defendants are informed and believe Plaintiff Paul Guzik resides in the State of California.   Defendants admit upon information and belief that Plaintiff Guzik alleges he was employed as a technician by: Royalty Communications from 2006-2007; Big Dog Communications from 2007-2008; KV Satellite in 2008; Blackstone Communications in 2008; and Empire Communications from 2008 to present.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 27.

28.     Answering Paragraph 28 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

1   Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny

2   each and every allegation therein.

3       29.    Answering Paragraph 29 of the FAC, Defendants deny each and every

4   allegation contained therein.

5   **Jeremy Lasater**

6       30.    Answering Paragraph 30 of the FAC, Defendants are informed and believe

7   Plaintiff Jeremy Lasater resides in the State of California.  Defendants admit upon

8   information and belief that Plaintiff Lasater alleges he was employed as a technician by

9   Satellite Dogs from June 2006-June 2007 and Christian Installation Group from 2007-

10  February 2013.  Except as so admitted, Defendants deny each and every other allegation

11  contained in Paragraph 30.

12      31.    Answering Paragraph 31 of the FAC, Defendants are without knowledge or

13  information sufficient to form a belief as to the truth of the allegations contained in said

14  Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny

15  each and every allegation therein.

16      32.    Answering Paragraph 32 of the FAC, Defendants deny each and every

17  allegation contained therein.

18  **Canh Le**

19      33.    Answering Paragraph 33 of the FAC, Defendants are informed and believe

20  Plaintiff Canh Le resides in the State of California.  Defendants admit upon information

21  and belief that Plaintiff Le alleges he was employed as a technician by Satek

22  Communications from November 1, 2009-August 8, 2012.  Except as so admitted,

23  Defendants deny each and every other allegation contained in Paragraph 33.

24      34.    Answering Paragraph 34 of the FAC, Defendants are without knowledge or

25  information sufficient to form a belief as to the truth of the allegations contained in said

26  Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny

27  each and every allegation therein.

28

35.   Answering Paragraph 35 of the FAC, Defendants deny each and every allegation contained therein.

**Sean Magill**

36.   Answering Paragraph 36 of the FAC, Defendants are informed and believe Plaintiff Sean Magill resides in the State of California.   Defendants admit upon information and belief that Plaintiff Magill alleges he was employed as a technician by Next Level Home Theater Inc. from September 2011-March 2012.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 36.

37.   Answering Paragraph 37 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

38.   Answering Paragraph 38 of the FAC, Defendants deny each and every allegation contained therein.

**Christopher Patche**

39.   Answering Paragraph 39 of the FAC, Defendants are informed and believe Plaintiff Christopher Patche resides in the State of California.   Defendants admit upon information and belief that Plaintiff Patche alleges he was employed as a technician by New Age Communications, dates unknown and by Satellite Services from January 1, 2011-February 1, 2012.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 39.

40.   Answering Paragraph 40 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

41.   Answering Paragraph 41 of the FAC, Defendants deny each and every allegation contained therein.

1     **Adam Phan**

2        42.   Answering Paragraph 42 of the FAC, Defendants are informed and believe

3 Plaintiff Adam Phan resides in the State of California.   Defendants admit upon

4 information and belief that Plaintiff Phan alleges he was employed as a technician by:

5 RCC from 2007-2008; Blackstone in 2008; Empire Communications from 2009-2010;

6 and Satellite Service from 2011-2012.  Except as so admitted, Defendants deny each and

7 every other allegation contained in Paragraph 42.

8        43.   Answering Paragraph 43 of the FAC, Defendants are without knowledge or

9 information sufficient to form a belief as to the truth of the allegations contained in said

10 Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny

11 each and every allegation therein.

12        44.   Answering Paragraph 44 of the FAC, Defendants deny each and every

13 allegation contained therein.

14     **Eric Rivera**

15        45.   Answering Paragraph 45 of the FAC, Defendants are informed and believe

16 Plaintiff Eric Rivera resides in the State of California.   Defendants admit upon

17 information and belief that Plaintiff Rivera alleges he was employed as a technician by

18 Norcal Wiring from 2009-2012 and Elite Communications from 2011-2012.  Except as

19 so admitted, Defendants deny each and every other allegation contained in Paragraph 45.

20        46.   Answering Paragraph 46 of the FAC, Defendants are without knowledge or

21 information sufficient to form a belief as to the truth of the allegations contained in said

22 Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny

23 each and every allegation therein.

24        47.   Answering Paragraph 47 of the FAC, Defendants deny each and every

25 allegation contained therein.

26     **Juan Robles**

27        48.   Answering Paragraph 48 of the FAC, Defendants are informed and believe

28 Plaintiff Juan Robles resides in the State of California.   Defendants admit upon

information and belief that Plaintiff Robles alleges he was employed as a technician by DTI from 2005-2007 and Advanced Sound & Satellite from 2007-present.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 48.

49.    Answering Paragraph 49 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

50.    Answering Paragraph 50 of the FAC, Defendants deny each and every allegation contained therein.

**Tinh To**

51.    Answering Paragraph 51 of the FAC, Defendants are informed and believe Plaintiff Tinh To resides in the State of California.  Defendants admit upon information and belief that Plaintiff Robles alleges he was employed as a technician by Ironwood or Mountain Satellite in 2004.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 51.

52.    Answering Paragraph 52 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

53.    Answering Paragraph 53 of the FAC, Defendants deny each and every allegation contained therein.

**David Varas**

54.    Answering Paragraph 54 of the FAC, Defendants are informed and believe Plaintiff David Varas resides in the State of California.  Defendants admit upon information and belief that Plaintiff Varas alleges he was employed as a technician by JP Sat Services from February 2009-February 2012.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 54.

55.     Answering Paragraph 55 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

56.     Answering Paragraph 56 of the FAC, Defendants deny each and every allegation contained therein.

**Pierre Cooper**

57.     Pierre Cooper was dismissed from this action without prejudice pursuant to the Court's July 22, 2014 Order on Defendants' Motion to Sever Plaintiffs.

58.     Pierre Cooper was dismissed from this action without prejudice pursuant to the Court's July 22, 2014 Order on Defendants' Motion to Sever Plaintiffs.

59.     Pierre Cooper was dismissed from this action without prejudice pursuant to the Court's July 22, 2014 Order on Defendants' Motion to Sever Plaintiffs.

**Jeffrey Kidd**

60.     Answering Paragraph 60 of the FAC, Defendants are informed and believe Plaintiff Jeffrey Kidd resides in the State of California.   Defendants admit upon information and belief that Plaintiff Kidd alleges he was employed as a technician by Christian Installation Group, Mountain Satellite and Accusat Communications from 2007-2011.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 60.

61.     Answering Paragraph 61 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

62.     Answering Paragraph 62 of the FAC, Defendants deny each and every allegation contained therein.

**Michael Zopp**

63.     Answering Paragraph 63 of the FAC, Defendants are informed and believe Plaintiff Michael Zopp resides in the State of California.   Defendants admit upon information and belief that Plaintiff Zopp alleges he was employed as a technician by Christian Installation Group from 2011-2013.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 63.

64.     Answering Paragraph 64 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiff was not employed by Defendants, and on that basis, deny each and every allegation therein.

65.     Answering Paragraph 65 of the FAC, Defendants deny each and every allegation contained therein.

**Wayne Simon**

66.     Wayne Simon was dismissed from this action without prejudice pursuant to the Court's July 22, 2014 Order on Defendants' Motion to Sever Plaintiffs.

67.     Wayne Simon was dismissed from this action without prejudice pursuant to the Court's July 22, 2014 Order on Defendants' Motion to Sever Plaintiffs.

68.     Wayne Simon was dismissed from this action without prejudice pursuant to the Court's July 22, 2014 Order on Defendants' Motion to Sever Plaintiffs.

**Larrie Funkhouser**

69.     Answering Paragraph 69 of the FAC, Defendants are informed and believe Plaintiff Larrie Funkhouser resides in the State of California.   Defendants admit that between February 2009 and present Plaintiff Funkhouser has been an employee of DIRECTV and Plaintiff's employment is subject to an enforceable Arbitration Agreement.   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 69.

70.     Answering Paragraph 70 of the FAC, Defendants deny each and every allegation contained therein.

71.     Answering Paragraph 71 of the FAC, Defendants deny each and every allegation contained therein.

**Jorge Lara**

72.     Answering Paragraph 72 of the FAC, Defendants are informed and believe Plaintiff Jorge Lara resides in the State of California.  Defendants admit that between approximately April 12, 2010 and February 21, 2014 Plaintiff Lara was an employee of DIRECTV and Plaintiff's employment was subject to an enforceable Arbitration Agreement.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 72.

73.     Answering Paragraph 73 of the FAC, Defendants deny each and every allegation contained therein.

74.     Answering Paragraph 74 of the FAC, Defendants deny each and every allegation contained therein.

## GENERAL ALLEGATIONS

75.     Answering Paragraph 75 of the FAC, Defendants admit that at all relevant times herein, Defendant DIRECTV was in the business of providing satellite television content to consumers, giving them an alternative to cable television.[3]  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 75.

76.     Answering Paragraph 76 of the FAC, Defendants deny each and every allegation contained therein.

77.     Answering Paragraph 77 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth regarding Plaintiffs' principal job duty as technicians as they were not employed by Defendants and on that basis deny the allegations.

---

[3]Because DIRECTV's service is transmitted wirelessly, that requires the installation of a satellite dish receiver.  DIRECTV sells these receivers to consumers and arranges for their installation.  The month-to-month provision of television programming is DIRECTV's core business.  DIRECTV contracts with third-party companies that are in the business of installing, servicing and maintaining various consumer electronic products, including satellite systems.

78.     Answering Paragraph 78 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth regarding Plaintiffs workdays or work schedules as they were not employed by Defendants and on that basis, deny those allegations.  Defendants admit that DIRECTV used a database called Siebel to coordinate the assignment of work orders to technicians using each technician's unique "Tech ID Number."   Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 78.

79.     Answering Paragraph 79 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth regarding what occurred after Plaintiffs received their daily work schedules as they were not employed by Defendants, and on that basis deny the allegations.

80.     Answering Paragraph 80 of the FAC, Defendants admit when technicians employed by an HSP or approved Subcontractor perform services for DIRECTV customers, the HSP or approved Subcontractor employer require technicians to wear a uniform (generally a blue shirt with the DIRECTV logo and khaki pants).  Defendants admit when technicians employed by an HSP or approved Subcontractor perform services for DIRECTV customers the HSP or approved Subcontractor employer require technicians to display DIRECTV insignia on vehicles driven to customers' homes for DIRECTV installations.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 80.

81.     Answering Paragraph 81 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph because Plaintiffs were not employed by Defendants, and on that basis deny the allegations.

82.     Answering Paragraph 82 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiffs were not employed by Defendants, and on that basis, deny each and every allegation therein.

83.     Answering Paragraph 83 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiffs were not employed by Defendants, and on that basis, deny each and every allegation therein.

84.     Answering Paragraph 84 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiffs were not employed by Defendants, and on that basis, deny each and every allegation therein.

85.     Answering Paragraph 85 of the FAC, Defendants deny each and every allegation contained therein.

86.     Answering Paragraph 86 of the FAC, Defendants deny each and every allegation contained therein.

87.     Answering Paragraph 87 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiffs were not employed by Defendants, and on that basis, deny each and every allegation therein.

88.     Answering Paragraph 88 of the FAC, Defendants deny each and every allegation contained therein.

89.     Answering Paragraph 89 of the FAC, Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph because Plaintiffs were not employed by Defendants, and on that basis, deny each and every allegation therein.

90.     Answering Paragraph 90 of the FAC, Defendants deny each and every allegation contained therein.

**Defendants Are Joint Employers Of Plaintiffs**

91.     Answering Paragraph 91 of the FAC, Defendants deny each and every allegation contained therein.

92.    Answering Paragraph 92 of the FAC, Defendants deny each and every allegation contained therein.

93.    Answering Paragraph 93 of the FAC, Defendants deny each and every allegation contained therein.

94.    Answering Paragraph 94 of the FAC, Defendants deny each and every allegation contained therein.

95.    Answering Paragraph 95 of the FAC, Defendants deny each and every allegation contained therein.

96.    Paragraph 96 of the FAC contains legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in Paragraph 96.

97.    Answering Paragraph 97 of the FAC, Defendants admit DIRECTV's agreements with HSPs require employees of the HSPs and approved Subcontractors to identify themselves as employees of the HSPs, not DIRECTV, in any circumstance where identification is necessary.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 97.

98.    Answering Paragraph 98 of the FAC, Defendants admit that DIRECTV promulgates uniform quality and technical standards with regard to installation and service of satellite dish receivers in its HSP Agreements.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph regarding whether Plaintiffs received these instructions and/or performed the work as instructed and, on that basis, deny those allegations. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 98.

99.    Answering Paragraph 99 of the FAC, Defendants admit that DIRECTV publishes training materials.  Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 99.

100. Answering Paragraph 100 of the FAC, Defendants admit that DIRECTV's agreements with HSPs require that all technicians performing services for DIRECTV customers successfully complete the SBCA's Certified Installer Training program or other DIRECTV-approved training program. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 100.

101. Answering Paragraph 101 of the FAC, Defendants admit that DIRECTV'S agreements with the HSPs require the HSPs perform periodic quality control checks. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 101.

102. Answering Paragraph 102 of the FAC, Defendants deny each and every allegation therein.

103. Answering Paragraph 103 of the FAC, Defendants admit that DIRECTV does not maintain Plaintiffs' employment related documents at its corporate office, or otherwise. Defendants admit that DIRECTV's agreements with the HSPs require HSPs (not DTV Home Services II, LLC) to make available to DIRECTV, upon reasonable notice, individual background checks and the results of negative drug screens to verify compliance. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 103.

104. Answering Paragraph 104 of the FAC, Defendants admit that DIRECTV is engaged in interstate commerce and grosses more than $500,000 in revenue per year. Except as so admitted, Defendants deny each and every other allegation contained in Paragraph 104.

105. Answering Paragraph 105 of the FAC, Defendants deny each and every allegation therein.

/ / /

/ / /

/ / /

/ / /

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

106.   Answering Paragraph 106 of the FAC, Defendants incorporate by reference the denials and admissions set forth above in answer to Paragraphs 1 through 105 of the FAC as though fully set forth herein.

107.   Paragraph 107 of the FAC sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

108.   Paragraph 108 of the FAC sets forth legal conclusions to which no response is required.

109.   Paragraph 109 of the FAC sets forth legal conclusions to which no response is required.

110.   Answering Paragraph 110 sets forth legal conclusions to which no response is required.

111.   Paragraph 111 of the FAC sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

112.   Paragraph 112 of the FAC sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

113.   Paragraph 113 of the FAC sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

114. Paragraph 114 of the FAC sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

115. Paragraph 115 of the FAC sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

116. Paragraph 116 of the FAC sets forth legal conclusions to which no response is required. Defendants deny Plaintiffs are entitled to any of the relief sought therein.

## COUNT II

### Violation of the California Minimum Wage and Overtime Law

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

117. Answering Paragraph 117 of the FAC, Defendants incorporate by reference the denials and admissions set forth above in answer to Paragraphs 1 through 116 of the FAC as though fully set forth herein.

118. Paragraph 118 of the FAC sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

119. Paragraph 119 of the FAC sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

120. Paragraph 120 of the FAC sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

121. Answering Paragraph 121 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

1  Paragraph because Plaintiffs were not employed by Defendants, and on that basis, deny
2  each and every allegation therein.

3      122.   Paragraph 122 of the FAC sets forth legal conclusions to which no response
4  is required.   To the extent any response is required, Defendants deny each and every
5  allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief
6  sought therein.

7      123.   Paragraph 123 of the FAC sets forth legal conclusions to which no response
8  is required.   Defendants deny Plaintiffs are entitled to any of the relief sought therein.

9                          **COUNT III**

10    **Failure to Pay Wages Due on Discharge, Layoff, or Resignation**

11    *By each Plaintiff individually against Plaintiff's previously identified joint-employer-*
12                          *Defendant(s)*

13     124.   Answering Paragraph 124 of the FAC, Defendants incorporate by reference
14  the denials and admissions set forth above in answer to Paragraphs 1 through 123 of the
15  FAC as though fully set forth herein.

16     125.   Paragraph 125 of the FAC sets forth legal conclusions to which no response
17  is required.   To the extent any response is required, Defendants deny each and every
18  allegation contained in said Paragraph.

19     126.   Paragraph 126 of the FAC sets forth legal conclusions to which no response
20  is required.   To the extent any response is required, Defendants deny each and every
21  allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief
22  sought therein.

23     127.   Paragraph 127 of the FAC sets forth legal conclusions to which no response
24  is required.   To the extent any response is required, Defendants deny each and every
25  allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief
26  sought therein.

27     128.   Paragraph 128 of the FAC sets forth legal conclusions to which no response
28  is required.   To the extent any response is required, Defendants deny each and every

1 | allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief
2 | sought therein.

3 |     129.   Paragraph 129 of the FAC sets forth legal conclusions to which no response
4 | is required.  Defendants deny Plaintiffs are entitled to any of the relief sought therein.

5 | **COUNT IV**

6 | **Unlawful Wage Deductions, Collection From Wages (Chargebacks)**

7 | *By each Plaintiff individually against Plaintiff's previously identified joint-employer-*
8 | *Defendant(s)*

9 |     130.   Answering Paragraph 130the FAC, Defendants incorporate by reference the
10 | denials, and admissions set forth above in answer to Paragraphs 1 through 129 of the
11 | FAC as though fully set forth herein.

12 |     131.   Paragraph 131 of the FAC sets forth legal conclusions to which no response
13 | is required.

14 |     132.   Answering Paragraph 132 of the FAC, Defendants deny each and every
15 | allegation therein.

16 |     133.   Paragraph 133 of the FAC sets forth legal conclusions to which no response
17 | is required.  To the extent any response is required, Defendants deny each and every
18 | allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief
19 | sought therein.

20 |     134.   Paragraph 134 of the FAC sets forth legal conclusions to which no response
21 | is required.  To the extent any response is required, Defendants deny each and every
22 | allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief
23 | sought therein.

24 |     135.   Paragraph 135 of the FAC sets forth legal conclusions to which no response
25 | is required.  Defendants deny Plaintiffs are entitled to any of the relief sought therein.

26 | / / /

27 | / / /

28 | / / /

## COUNT V

### Failure to Furnish Wage Statements

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

136.   Answering Paragraph 136 of the FAC, Defendants incorporate by reference the denials and admissions set forth above in answer to Paragraphs 1 through 135 of the FAC as though fully set forth herein.

137.   Paragraph 137 of the FAC sets forth legal conclusions to which no response is required.

138.   Paragraph 138 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

139.   Paragraph 139 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

140.   Paragraph 140 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

141.   Paragraph 141 of the FAC sets forth legal conclusions to which no response is required.   Defendants deny Plaintiffs are entitled to any of the relief sought therein.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## COUNT VI

### Willful Misclassification

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

142.   Answering Paragraph 142 of the FAC, Defendants incorporate by reference the denials and admissions set forth above in answer to Paragraphs 1 through 141 of the FAC as though fully set forth herein.

143.   Paragraph 143 of the FAC sets forth legal conclusions to which no response is required.

144.   Answering Paragraph 144 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

145.   Paragraph 145 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

146.   Paragraph 146 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

147.   Paragraph 147 of the FAC sets forth legal conclusions to which no response is required.   Defendants deny Plaintiffs are entitled to any of the relief sought therein.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## COUNT VII

2

### Failure to Reimburse Necessary Business Expenses

3

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-*

4

*Defendant(s)*

5      148.   Answering Paragraph 148 of the FAC, Defendants incorporate by reference

6   the denials and admissions set forth above in answer to Paragraphs 1 through 147 of the

7   FAC as though fully set forth herein.

8      149.   Paragraph 149 of the FAC sets forth legal conclusions to which no response

9   is required.   To the extent any response is required, Defendants deny each and every

10   allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief

11   sought therein.

12      150.   Answering Paragraph 150 of the FAC sets forth legal conclusions to which

13   no response is required.   To the extent any response is required, Defendants deny each

14   and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any

15   of the relief sought therein.

16      151.   Paragraph 151 of the FAC sets forth legal conclusions to which no response

17   is required.   To the extent any response is required, Defendants deny each and every

18   allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief

19   sought therein.

20      152.   Paragraph 152 of the FAC sets forth legal conclusions to which no response

21   is required.   To the extent any response is required, Defendants deny each and every

22   allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief

23   sought therein.

24      153.   Paragraph 153 of the FAC sets forth legal conclusions to which no response

25   is required.  Defendants deny Plaintiffs are entitled to any of the relief sought therein.

26   / / /

27   / / /

28   / / /

1

## COUNT VIII

2

### Record-Keeping Violations

3

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-*

4

*Defendant(s)*

5   154.   Answering Paragraph 154 of the FAC, Defendants incorporate by reference

6   the admissions and denials set forth above in answer to Paragraphs 1 through 153 of the

7   FAC as though fully set forth herein.

8   155.   Paragraph 155 of the FAC sets forth legal conclusions to which no response

9   is required.

10   156.   Paragraph 156 of the FAC sets forth legal conclusions to which no response

11   is required.   To the extent any response is required, Defendants deny each and every

12   allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief

13   sought therein.

14   157.   Paragraph 157 of the FAC sets forth legal conclusions to which no response

15   is required.   To the extent any response is required, Defendants deny each and every

16   allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief

17   sought therein.

18

## COUNT IX

19

### Unfair Business Practices

20

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-*

21

*Defendant(s)*

22   158.   Answering Paragraph 158 of the FAC, Defendants incorporate by reference

23   the denials and admissions set forth above in answer to Paragraphs 1 through 157 of the

24   FAC as though fully set forth herein.

25   159.   Paragraph 159 of the FAC sets forth legal conclusions to which no response

26   is required.

27

28

160.    Paragraph 160 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

161.    Paragraph 161 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

162.    Paragraph 162 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

163.    Paragraph 163 of the FAC, sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph.

164.    Paragraph 164 of the FAC sets forth legal conclusions to which no response is required.   To the extent any response is required, Defendants deny each and every allegation contained in said Paragraph, and deny Plaintiffs are entitled to any of the relief sought therein.

165.    Answering Paragraph 165 of the FAC, which contains Plaintiffs' prayer for relief, Defendants deny Plaintiffs are entitled to any relief demanded in the FAC, and deny that any relief whatsoever is warranted.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and distinct defenses to the FAC and each cause of action alleged therein, without prejudice to their right to argue that Plaintiffs bear the burden of proof as to some or all of them.

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs Anthony Addison, Jorge Lara, and Larrie Funkhouser's FAC as a whole, and each purported cause of action alleged therein, is barred or this Court lacks jurisdiction, in that each claim is subject to mandatory binding arbitration pursuant to a valid and enforceable arbitration agreement.   The claims of Plaintiffs Anthony Addison,

Jorge Lara, and Larrie Funkhouser should accordingly be transferred to binding arbitration.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' FAC as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

3.     Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred by the applicable statutes of limitation, including California Code of Civil Procedure Sections 338, and 340, California Business and Professions Code Section 17208, California Labor Code Sections 2699 to 2699.5, and 29 U.S.C § 255.

### FOURTH AFFIRMATIVE DEFENSE

4.     Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' FAC and each of its causes of action are barred because Plaintiffs were independent contractors or employees of other companies and never "employees" of Defendants and, therefore, Plaintiffs lack standing to sue Defendants as employees.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's FAC and each alleged cause of action is barred in whole or in part to the extent that Plaintiffs have previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement or the United States Department of Labor.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' FAC and each of its causes of action are barred in whole or in part because any obligation by Defendants to pay compensation, whether contractual or otherwise, which Plaintiffs claim are owed to them, has been fully performed, satisfied,

1 | or discharged.

## EIGHTH AFFIRMATIVE DEFENSE

8.   Defendants are entitled to a set-off for amounts Plaintiffs owe Defendants for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

## NINTH AFFIRMATIVE DEFENSE

9.   Plaintiffs' claims, including but not limited to Plaintiffs' claim for waiting time penalties under Labor Code Section 203, are barred, in whole or in part, and/or recovery is precluded because Defendants' conduct was not willful.

## TENTH AFFIRMATIVE DEFENSE

10.   Without admitting the allegations of the FAC, Defendants allege Plaintiffs' ninth cause of action is barred because the alleged practices are not unfair, the public is not likely to be deceived by such practices, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## ELEVENTH AFFIRMATIVE DEFENSE

11.   Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the FAC because Plaintiffs have not suffered any irreparable injury based on any alleged conduct of Defendants, and Plaintiffs have an adequate remedy at law for any such conduct.

## TWELFTH AFFIRMATIVE DEFENSE

12.   Defendants alleges that the claims alleged in Plaintiffs' FAC, or some of them, are barred because the operative Industrial Welfare Commission Wage Order that Plaintiffs rely upon is invalid or unenforceable under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") are barred to the extent that Defendants' actions have been taken in good faith in conformity with and reliance upon the U.S. Department of Labor's guidance and established rulings,

administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendants acted reasonably and in good faith at all times, and therefore Plaintiffs' claims, including without limitation any claims for liquidated damages, are barred in whole or in part.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs cannot establish that any acts or omissions of Defendants were willful under the FLSA.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     To the extent that Plaintiffs' claimed damages were caused, in whole or in part, by their failure to follow Defendants' policies, such failure precludes a finding of willfulness under the FLSA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Even if Defendants have, in fact, failed to pay Plaintiffs for any of the activities alleged in Plaintiffs' FAC, such activities do not constitute compensable work under the FLSA and furthermore, such activities were not an integral and indispensible part of Plaintiffs' principal activities of employment and are not compensable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are barred in whole or in part by the provisions of the FLSA and the Portal-to-Portal Act, including 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities or incidental to them.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs were not, and are not, employees of Defendants covered by the Fair Labor Standards Act or any corresponding regulation.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendants are not, and were not, employers of Plaintiffs within the meaning

---

of the Fair Labor Standards Act and any corresponding regulation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eight Amendment and the Due Process clauses of the Fifth Amendment, as well as, numerous provisions of the California Constitution, including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and the Self-Incrimination Clause of Section 15 of Article I.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendants have engaged attorneys to represent them in defense of Plaintiffs' frivolous, unfounded and unreasonable action and, Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code Section 218.5 upon judgment thereon in their favor.

### RESERVATION OF DEFENSES

Because the FAC is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendants reserve their right to amend or assert additional affirmative defenses, if and to the extent that such defenses are applicable and may become known.

WHEREFORE, Defendants pray for judgment as follows:

1.  That Plaintiffs take nothing by the FAC herein;

2.  That Plaintiffs be denied each and every demand and prayer for relief contained in the FAC;

3.  That the FAC be dismissed in its entirety with prejudice;

4.  That judgment be entered in favor of Defendants and against Plaintiffs;

1        5.  For costs of suit herein, including reasonable attorneys' fees; and

2        6.  For such other and further relief as the Court may deem just and proper.

DATED:  October 24, 2014        JACKSON LEWIS P.C.

By:    /s/ *Talya Z. Friedman*

Joel P. Kelly
Talya Z. Friedman
Caroline B. Wolf

Attorneys for Defendants
Directv, Inc., Directv, LLC, and
DTV Home Services II, LLC